IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KRISTIN AMANDA WAYE, *individually* )
*and as the Administratrix of the Estate of* )
*Robert Timothy Waye*, *deceased, et al.*, )
                                      )
     Plaintiffs, )
                                        )
v. )   Case No. 1:20-cv-264-RAH-SRW
                                        )          (WO)
FLAT CREEK TRANSPORTATION, LLC, )
*et al.*, )
                                        )
     Defendants. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Flat Creek Transportation LLC's ("Flat Creek") Motion to Dismiss. (Doc. 14.) The Plaintiffs, Kristin Amanda Waye, as Administratrix of the Estate of Robert Timothy Waye, deceased, Daniel Keith Waye, Jonathan Robert Waye, and Michael Almos (collectively, "Waye Plaintiffs"), have filed a response, (Doc. 21), and Flat Creek has filed a reply, (Doc. 22). Upon consideration, the Court concludes that Flat Creek's motion is due to be DENIED without prejudice with respect to Count VI and GRANTED with respect to the remaining claims.

## I. APPLICABLE LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court

construes the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (citing *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006)). "[G]enerally, the existence of an affirmative defense will not support a Rule 12(b)(6) motion to dismiss for failure to state a claim. A district court, however, may dismiss a complaint on a Rule 12(b)(6) motion when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (quotation omitted). *Accord Murphy v. DCI Biologicals Orlando, LLC,* 797 F.3d 1302, 1305 (11th Cir. 2015) ("A district court may dismiss a complaint for failure to state a claim if an affirmative defense appears on the face of the complaint.") (citation omitted).

## II. BACKGROUND

The Waye Plaintiffs filed this lawsuit on April 17, 2020 against Flat Creek and Michael Cory Salter ("Salter") arising out of a multi-vehicle traffic accident that occurred on November 14, 2019 in Richland Parish, Louisiana.  (Doc. 1.)

According to the Complaint, on that date, Salter was driving a Volvo tractor-trailer ("the Volvo") owned by Flat Creek. (Doc. 1 at 2-3.)  Robert Timothy Waye "was a passenger in the [Volvo] operated by Defendant Salter" at the time of the accident. (Doc. 1 at 3.) Salter was operating the Volvo "with the express and/or

2

implied permission of Defendant Flat Creek and within the line and scope of his employment and/or agency with Defendant Flat Creek." (Doc. 1 at 3.)

A multi-vehicle chain reaction accident occurred when Salter, operating "at a high rate of speed" on Interstate 10, failed to brake and/or slow the Volvo, thereby colliding with a vehicle in front of him that was already at a stop on the interstate. (Doc. 1 at 3.) Waye died as a result of injuries he suffered in the accident. (Doc. 1 at 4.)

Immediately following the accident, to a first responder, Salter stated that "he was under the influence of methamphetamines." (Doc. 1 at 4.) Salter also was discovered to be in "possession of a black bag that contained a smoking pipe, cocaine, synthetic marijuana, and a bottle of urine." (Doc. 1 at 4.)

Waye's family filed this Complaint on April 17, 2020, asserting six counts for relief:

(I)     Negligence as to Salter;

(II)    Willfulness, Wantonness and Recklessness as to Salter;

(III)   Vicarious Liability as to Flat Creek;

(IV)    Negligent and/or Wanton Entrustment as to Flat Creek;

(V)     Negligent and/or Wanton Hiring, Training and Supervision as to Flat Creek; and,

(VI)    Co-Employee Liability as to Salter and Vicarious Liability as to Flat Creek.

(Doc. 1.)

In each of their six counts, the Waye Plaintiffs "re-allege and incorporate by reference the material allegations in the above paragraphs as if fully set out herein in this Count." (Doc. 1 at 4, 6, 8, 9, 11.)  One such allegation that the Waye Plaintiffs "re-allege and incorporate by reference" into each count is the allegation that Salter "was operating" the Volvo "within the line and scope of his employment . . .  with Defendant Flat Creek."  (Doc. 1 at 3.)

## III. ANALYSIS

Flat Creek's argument is simple and straightforward.  Because Salter and Robert Waye were co-employees and because they were working in the line and scope of their employment with Flat Creek at the time of the accident, all of the Waye Plaintiffs' claims against Flat Creek, except for the vicarious liability claim associated with Salter's alleged intentional conduct, are barred by the exclusive remedy provision of the Louisiana Workers' Compensation Act, La. Stat. Ann. § 23:1032. (Doc. 22 at 2.)  As to the intentional act claim, which is not subject to workers compensation exclusivity, *see* La. Stat. Ann. § 23:1032(A)(1)(a) ("Except for intentional acts…"), Flat Creek argues that the Waye Plaintiffs have failed to specify sufficient facts that support such a claim.  (Doc. 22 at 6.)

The Waye Plaintiffs respond, not by disputing that all of their claims are subject to workers compensation exclusivity if Salter was working in the line and

scope of his employment at the time of the accident, but instead by arguing that they have not stipulated to these factual allegations, that they are permitted under Fed. R. Civ. P. 8 to advance alternative theories of liability, and that Flat Creek's assertions are not supported by the factual allegations of the Complaint.  (Doc. 21 at 2.)  In other words, the Waye Plaintiffs assert that Flat Creek's exclusivity argument should be rejected because Salter's employment status "is a factual issue that is currently in dispute." (Doc. 21 at 3.)

First, what is not in dispute is that, since the accident occurred in Louisiana, the choice of law provisions of the State of Alabama require this Court to apply Louisiana substantive law in this matter. *E.g.*, *Crouch v. Teledyne Continental Motors, Inc.*, No. 10-00072-KD-N, 2011 WL 1539854, at *6 (S.D. Ala. April 21, 2011).

Second, the parties also do not dispute the general applicabilily of the exclusivity provision of Lousiana's Workers Compensation Act if Salter and Waye were co-employees with Flat Creek and if Salter was working in the line and scope of his employment at the time of accident.  (*See, e.g.*, Doc. 21 at 5 ("Plaintiffs acknowledge that some of Plaintiffs' claims (ie. Counts III, IV, and V or Count VI) may be due to be dismissed at summary judgment, depending on how the issue of employment statuses is determined.").  Indeed, under Louisana law, the statute specifically provides that the rights and remedies it grants an employee against an

5

employer for unintentional acts "shall be exclusive of all other rights, remedies, and claims for damages," unless otherwise expressly created by statute. La. Stat. Ann. § 23:1032(A)(1)(a).

Louisiana courts have consistently interpreted this language to bar direct claims against employers for negligence, including negligent hiring, supervision and training, *see, e.g., Pearson v. IHOP,* No. 09-3071, 2010 WL 971798, at *3-4 (E.D. La. Mar. 10, 2010), and *Oliver v. Lauren Engineers & Constructors, Inc*., No. CV 16-00442-JJB-EWD, 2017 WL 4767695, at *3 (M.D. La. Oct. 20, 2017), and vicarious liability claims against employers for negligence and wantonness by a co-employee, *see Barto v. Franchise Enterprises, Inc*., 588 So. 2d 1353, 1355 (La. Ct. App. 1991), *writ denied*, 591 So. 2d 708 (La. 1992). The only potential claim against an employer not subject to the exclusivity provision is a claim against an employer for intentional conduct by a co-employee. *Carnes v. Wilson*, 118 So. 3d 1275, 1277 (La. Ct. App. 2d 2013) ("An employer can be vicariously liable for its own intentional acts and the intentional acts of its employees" but "only to those acts which are within the course and scope of the tortfeasor's employment").

The question therefore becomes whether Flat Creek is entitled to dismissal under the exclusive remedy provision at this early stage or, as the Waye Plaintiffs argue, Flat Creek must wait until summary judgment because the Waye Plaintiffs have "pleaded alternative theories of liability against Defendant Flat Creek," (Doc.

6

21 at 5), and because Salter's employment status "is a factual issue that is currently in dispute." (Doc. 21 at 3.)   The Court is not persuaded by the Waye Plaintiffs' argument.

First, contrary to the Waye Plaintiffs' assertion, Salter's employment status is not a disputed issue in the Complaint, nor is there any discovery needed to flesh out this issue.[1]   Indeed, the Court poses the question of which party is actually disputing this issue?   It is not Flat Creek, who states that Salter was an employee and was working in the line and scope of his employment at the time of the accident. (Doc. 14 at 2-3.)   This therefore leaves the Court with reviewing the Complaint to determine whether the Waye Plaintiffs are alleging that Salter was neither employed by Flat Creek nor working in the line and scope of his employment at the time of the accident.   The Complaint, however, makes no such assertion.   Instead, it alleges the opposite:

> Upon information and belief, Defendant Salter was operating the 2020
> Volvo tractor with the express and/or implied permission of Defendant

---

[1] Flat Creek also references certain pleadings filed in a related declaratory judgment matter as further evidence that Salter's employment status is not in dispute.   Among others, Flat Creek requests this Court to take judicial notice of its answer in that proceeding in which it "Admitted" the complaint allegation that Salter was working in the line and scope of his employment at the time of the accident.   The Waye Plaintiffs do not challenge the permissibility of judicial notice in this matter.   Since the Complaint is all that the Court needs to consider as it concerns the pending motion to dismiss, the Court chooses to decline Flat Creek's invitation to take judicial notice of the truth of the matters asserted in the pleadings in the other action.   Moreover, the Court notes that "[A]dmissions in the pleadings ... are in the nature of judicial admissions binding upon the parties, *unless withdrawn or amended*," *Bejerano v. Flex Fla. Corp*., No. 18-20049-CIV, 2020 WL 4059604, at *5 (S.D. Fla. July 20, 2020)  (citing *Missouri Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990) (emphasis added)), and therefore Flat Creek is not necessarily bound by the admissions and positions it has taken in the answer filed in that action.

Flat Creek and within the line and scope of his employment and/or agency with Defendant Flat Creek.

(Doc. 1 at 3, ¶ 11.)  This allegation is not only contained in the "Factual Allegations" section of the Complaint, but it also permeates throughout the Complaint because, for each count, the Waye Plaintiffs expressly adopt and incorporate all preceding factual allegations.

The Waye Plaintiffs' "alternative pleading theory," (Doc. 21 at 2), is equally unavailing.  It is correct that a plaintiff can assert inconsistent claims through alternative pleading under Rule 8.  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th 2009) (explaining that "Rule 8(d) ... expressly permits the pleading of both alternative and inconsistent claims").  According to Federal Rule of Civil Procedure 8(d)(2), "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."  Fed.R.Civ. P. 8(d)(2).

Advancing this right, the Waye Plaintiffs state that "[i]t is important to note that Counts III, IV and V, as pleaded, all operate under the premise that, at the time of the accident made the basis of this lawsuit, Robert Timothy Waye was not an employee of Defendant Flat Creek and/or was not acting within the line and scope of his employment." (Doc. 21 at 4.)

However, to be afforded the benefit of alternative pleading, a party must

actually plead its claims in the alternative.  The Complaint, including Counts III, IV and V, makes no attempt to do that.  Nowhere does the Complaint in general or in these counts specifically clearly allege that Salter was not acting in the line and scope of his employment, nor does it set forth any claim founded upon such an allegation. Instead, each and every count, including Counts III, IV and V, re-alleges and incorporates the material allegations in all preceding allegations, one of which is the allegation that Salter *was* working in the line and scope of his employment.[2]

Furthermore, the Waye Plaintiffs' argument that Counts III, IV and V "all operate under the premise that, at the time of the incident made the basis of this lawsuit, Robert Timothy Waye was not an employee of Defendant Flat Creek and/or was not acting within the line and scope of his employment," (Doc. 21 at 4), grossly mistates the actual allegations made by the Waye Plaintiffs. For example, in paragraph 35 of the Complaint, which is contained within Count III (Vicarious Liability As To Defendant Flat Creek), the Waye Plaintiffs allege the opposite:

> To the extent it is determined that Defendant Salter was an agent, servant, or employee of Defendant Flat Creek at the time of the collision at issue, Defendant Flat Creek is vicariously liable for the negligent, willful, wanton, and/or reckless conduct of Defendant Salter as he was acting within the line and scope of his employment and on behalf of Defendant Flat Creek when the collision occurred.

(Doc. 1 at 8.)

---

[2] Such pleading practice is generally discouraged by federal courts. *E.g., Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321, n.11 (11th Cir. 2015).

Similarly, while the Waye Plaintiffs do not expressly allege in Counts IV and V that Salter was working in the line and scope of his employment, the Waye Plaintiffs do not dispute it either.  But nevertheless, nothing in these counts gives any suggestion or inference that the claims are premised upon the position that Salter was not working in the line and scope of his employment at the time of the accident. Both of these counts reallege and incorporate all other preceding allegations including the allegation that Salter was working in the line and scope of his employment. (Doc. 1 at 8-9.)

In short, while the Waye Plaintiffs are entitled to plead in the alternative under Rule 8(d)(2), they have failed to properly do so here. Instead, they allege that Salter and Waye were co-employees and that Salter is being sued in the capacity as an employee of Flat Creek who was working in the line and scope of his employment at the time of the accident.   They never clearly allege otherwise.  Taken as true, as the Court must at this stage, there can be no other conclusion reached than that Counts I through V are barred by the exclusive remedy provisions of the Louisiana Workers Compensation Act.

This leaves for resolution Count VI, which appears to be premised upon an alleged intentional act by Salter for which the Waye Plaintiffs seek to hold Flat Creek vicariously liable.  Flat Creek does not argue that this claim should be dismissed under the exclusive remedy provision.  Instead, Flat Creek argues that the Waye

Plaintiffs have failed to sufficiently plead a cause of action for intentional conduct.

Undoubtedly, intentional acts are excluded from the exclusive remedy provision of the Louisiana Workers Compensation Act. La. Rev. Stat. § 23:1032(A)(1)(a). *See also Matthews Industries Group, LLP*, No. 2020-CC-00493, 2020 WL 3467834, at *1 (La. 2020) ("However, there is no workers' compensation immunity for a tort which is "intentional.").  Furthermore, "[a]n employer may be held vicariously liable in tort for the intentional acts of its employees," provided that "the employee who commits the intentional act does so within the ambit of his assigned duties and in furtherance of his employer's objective." *Carr v. Sanderson Farm, Inc*., 189 So. 3d 450, 454 (La. Ct. App. 2016) (citations omitted).

The intentional act exception to this law "has been very narrowly construed by Louisiana's courts." *Romero v. Northrop Grumman Corp*., 44 F. App'x 654, 2002 WL 1397124, at *3 (5th Cir. 2002). As such, the standard for prevailing on an intentional act claim under Louisiana law is "extremely high." *Wilson v. Kirby Corp*., No. CIV.A. 12-0080, 2012 WL 1565415, at *2 (E.D. La. May 1, 2012).

The Louisiana Supreme Court has held that intent means "that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981).  Thus, "[o]nly

where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional." *Id*. (citations omitted). Furthermore, "an allegation that an employer 'knew or should have known' that an employee's injuries were substantially certain to follow is not a talisman which, by mere recital, can convert mere allegations into a credible claim of a valid intentional tort against an employer." *Wilson*, 2012 WL 1565415, at *2 (citation omitted). As such, the standard for prevailing on a claim of intentional tort under Louisiana law is "extremely high." *Id*. "Even knowledge of a high degree of probability that injury will occur is insufficient to establish that the employer was substantially certain that injury would occur so as to impute intent to him within the intentional tort exception to the worker's compensation statute exclusive remedy provisions." *Id*. (citation omitted). Therefore, "[s]ubstantial certainty requires more than a reasonable probability that an injury will occur; this term has been interpreted as being equivalent to inevitable, virtually sure and incapable of failing." *Id*.

Flat Creek argues the allegations in the Complaint do not state a plausible claim for intentional conduct under Louisiana law because the Waye Plaintiffs have not alleged "specific facts" evidencing Salter's deliberate intent to harm him.  A review of the Complaint proves this to be the case:

On or about November 14, 2019, Defendant Salter had a duty to use reasonable care in the operation of his vehicle and to avoid causing harm to others, including Robert Timothy Waye, while using the public roads.

Defendant Salter breached said duty when he caused and/or allowed the vehicle he was operating to collide with the rear of a vehicle being operated by Mr. James Spiker by failing to keep a proper lookout, traveling at an excessive rate of speed, misjudging the stopping distance, operating a commercial motor vehicle while under the intoxication of various drugs and alcohol, including but not necessarily limited to methamphetamines.

Assuming for purposes of this count only that Robert Timothy Waye and Defendant Salter were co-employees, Defendant Salter's conduct constitutes intentional conduct in that Defendant Salter desired to bring about the death of Robert Timothy Waye, or Defendant Salter believed and/or knew that his willful, wanton, and/or reckless conduct was substantially certain to cause injury or death of others, including Robert Timothy Waye.

Defendant Flat Creek, as Defendant Salter's alleged employer, is vicariously liable for the injuries and damages caused by Defendant Salter's conduct as he was acting within the line and scope of his employment and on behalf of Defendant Flat Creek when the collision occurred.

(Doc. 1 at 11.)

While these allegations may be sufficient to state a claim for negligence, wantonness and perhaps recklessness, they do not state a claim for intentional conduct. *See King v. Schuylkill Metals Corp*., 581 So. 2d 300, 302 (La. Ct. App.), *writ denied*, 584 So. 2d 1163 (La. 1991); *Holliday v. B.E. & K. Const. Co*., 563 So. 2d 1333, 1334 (La. Ct. App. 1990). Using buzzwords such as "intentional" do not transform a complaint largely couched in lesser conduct as one couched in

13

intentional conduct, and indeed, other courts have similarly held in accident cases premised upon the alleged intoxication of a co-employee. *See Marceaux v. Gibbs*, 699 So. 2d 1065, 1071 (La. 1997) ("there is no authority for finding that an automobile collision resulting from running a red light, even while intoxicated, is an intentional tort.") (quotation marks and citation omitted); *Van Alton v. Fisk Elec., Inc.*, 581 So. 2d 1080, 1082 (La. Ct. App.), *writ denied sub nom. Alton v. Fisk Elec., Inc.*, 586 So. 2d 561 (La. 1991) (citing *McAvoy v. Smith*, 506 So.2d 130 (La. App. 5th Cir. 1987); *see also Frederking v. Cincinnati Ins. Co*., 929 F.3d 195, 198 (5th Cir. 2019) (Opinion of Ho, J.) (interpreting Texas automobile insurance law) ("Certainly no one contends that Sanchez *intended* his vehicle to collide with Frederking's vehicle. Nor does anyone suggest that Sanchez drank in hopes of causing an automobile collision. Accordingly, we conclude that this case falls well within the common understanding of the term 'accident.'") (emphasis added); *cf. Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 688 (1973) (internal marks omitted)).

Consequently, the Waye Plaintiffs will be given one final chance to amend Count VI to state an actionable claim for intentional conduct, but must take into account the Court's guidance expressed in this Opinion in doing so.

## V. CONCLUSION

Accordingly, it be and is hereby ORDERED as follows:

(1) To the extent Flat Creek moves to dismiss Counts I, II, III, IV and V of the Complaint, the Motion to Dismiss is GRANTED and the claims are dismissed with prejudice, (Doc. 14);

(2) To the extent Flat Creek moves to dismiss Count VI, the Motion to Dismiss is DENIED without prejudice, (Doc. 14);

(3) On or before September 10, 2020, the Waye Plaintiffs shall file an Amended Complaint to develop in full the remaining claim (Count VI) as directed.

**DONE** and **ORDERED** this the 25th day of August, 2020.

_____/s/ R. Austin Huffaker, Jr._____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE