IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KRISTIN AMANDA WAYE, *individually* )<br>*And as the Administratrix of the Estate of* )<br>*Robert Timothy Waye, deceased*, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FLAT CREEK TRANSPORTATION )<br>LLC, *et al.*, )<br>)<br>Defendants. ) | Case No. 1:20-cv-264-RAH-SRW<br>(WO) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss, (Doc. 25), filed by Defendant Flat Creek Transportation, LLC ("Flat Creek"). In it, Flat Creek attacks the Waye Plaintiffs'[1] claim, as alleged in the First Amended Complaint, (Doc. 24), that Flat Creek is vicariously liable for the intentional conduct of its employee, Michael Cory Salter ("Salter"). The Waye Plaintiffs have filed a response, (Doc. 27), and Flat Creek has filed a reply, (Doc. 28).

For the reasons set forth below, Flat Creek's motion is due to be granted.

**I.    BACKGROUND**

---

[1] For simplicity, the Court again will refer to the Plaintiffs collectively as the "Waye Plaintiffs." (Doc. 23, p.1.)

1

On August 25, 2020, the Court granted Flat Creek's motion to dismiss Counts I through V of the Waye Plaintiffs' original complaint, (*see* Doc. 1), and gave the Waye Plaintiffs leave to file an amended complaint as to Count VI which asserted a claim against Flat Creek for vicarious liability for the alleged intentional conduct of Salter in connection with a traffic accident that resulted in Robert Waye's death. (Doc. 23.) The Waye Plaintiffs filed a First Amended Complaint, (Doc. 24), on September 10, 2020, which asserted solely a claim for intentional conduct against Salter and vicarious liability against Flat Creek for that intentional conduct. In response, Flat Creek filed a renewed motion to dismiss asserting that the First Amended Complaint again failed to state a claim for relief against Flat Creek as a matter of law. (Doc. 25.)

In its motion, Flat Creek argues that the Waye Plaintiffs still have not alleged specific facts of intentional conduct that survive the exclusive remedy provision of the Louisiana Workers' Compensation Act ("LWCA"), La. Stat. Ann. § 23:1032(A)(1)(a). (Doc. 25, p. 2.)[2] In reply, the Waye Plaintiffs argue that Salter's drug intoxication while driving a Flat Creek truck at a high rate of speed with Robert Waye, his co-employee, as a passenger, together with Salter's possession of a bottle

---

[2] As the Court explained in its prior opinion dismissing Counts I through V of the Complaint against Flat Creek, the Court must apply Louisiana substantive law. (Doc. 23, p. 5.)  Further, the Waye Plaintiffs allege that both Salter and Robert Waye were acting in the line and scope of their employment with Flat Creek at the time of the accident. (*See* Doc. 24, pp. 2-4; Doc. 25, p. 6, n.1; *see also* Doc. 23, pp. 5-6.)

containing clean urine, demonstrate the intentional conduct necessary to overcome the LWCA for purposes of pleading a tort claim against Flat Creek for vicarious liability. (Doc. 27.)

## II.   STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against Rule 8, which provides that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (citations and quotations omitted).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To overcome a motion to dismiss, the complaint need not contain "detailed factual allegations," but instead, must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[G]enerally, the existence of an affirmative defense will not support a Rule 12(b)(6) motion to dismiss for failure to state a claim. A district court, however, may dismiss a

complaint on a Rule 12(b)(6) motion when the allegations in the complaint indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (quotation omitted).

## III. DISCUSSION

A review of the First Amended Complaint reveals that the Waye Plaintiffs have done little to address the Court's concerns relating to the vicarious liability claim against Flat Creek. (*See* Doc. 23, pp. 13-14.) At best, the Waye Plaintiffs emphasize Salter's alleged drug use and possession of clean urine, which Salter apparently kept in order to pass a drug test. (Doc. 24, p. 3.) Otherwise, the gist of the Waye Plaintiffs' claim against Flat Creek remains the same.[3]

As the Court previously explained, under Louisiana law, mere intoxication is insufficient to show the "intentional" conduct necessary to defeat the exclusivity provision of the LCWA. *See, e.g., Marceaux v. Gibbs*, 699 So. 2d 1065, 1071 (La. 1997) ("[T]here is no authority for finding that an automobile collision resulting from running a red light, even while intoxicated, is an intentional tort.") (quotation marks and citation omitted). Indeed, in order to ascertain the requisite intent

---

[3] The Waye Plaintiffs' arguments as to the inappropriateness of resolving the "intentional conduct" issue before discovery are similarly unavailing. This is demonstrated by the very case the Waye Plaintiffs cite as ostensibly favoring such a proposition, which was resolved at the initial pleadings stage. *Bazley v. Tortorich*, 397 So. 2d 475, 478 (La. 1981).

element, the person identified in the complaint as the tortfeasor "must either (1) consciously desire the physical result of his act, whatever the likelihood of the result happening from his conduct, or (2) know that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Reeves v. Structural Preservation Systems*, 731 So. 2d 208, 211 (La. 1999).

Here, the Waye Plaintiffs have offered no additional facts or argument to indicate that the truck accident resulting in Robert Waye's death was *intentional*. No party contends that Salter *intended* his truck to collide with another vehicle for the purpose of killing or causing serious harm to Robert Waye. Nor do the Waye Plaintiffs suggest that Salter took drugs and sped with the conscious desire of causing an automobile collision to make virtually sure or substantially certain that Robert Waye would die or become seriously injured, no matter how reckless Salter's conduct may have otherwise been. *See, e.g., Van Alton v. Fisk Elec., Inc.*, 581 So. 2d 1080, 1082 (La. App. 4th Cir. 1991) (finding intoxication of employee when he handed co-worker a volt meter for the employer hotel's electrical system did not render his conduct an intentional tort so as to circumvent worker's compensation exclusivity) (citations omitted); *McAvoy v. Smith*, 506 So.2d 130, 131 (La. App. 5th Cir. 1987) ("The fact that the pilot was intoxicated does not lessen the employer's immunity protection under R.S. 23.1032, as the trial judge rightly found."); *see also Frederking v. Cincinnati Ins. Co.*, 929 F.3d 195, 198 (5th Cir. 2019) (Opinion of Ho,

5

J.) (interpreting Texas automobile insurance law) ("Certainly no one contends that Sanchez *intended* his vehicle to collide with Frederking's vehicle. Nor does anyone suggest that Sanchez drank in hopes of causing an automobile collision. Accordingly, we conclude that this case falls well within the common understanding of the term 'accident.' . . . As dangerous as drunk driving is, it does not make collisions 'more likely than not'—or the 'expected' result of intoxicated driving.") (emphasis added).

Generally, Louisiana courts recognize that "mere knowledge and appreciation of a risk does not constitute intent; reckless or wanton conduct, gross negligence, disregard of safety regulation or the failure to use safety equipment by an employer does not constitute intentional wrongdoing." *DelaHoussaye v. Morton Intern., Inc.*, 300 F.App'x 257, 258 (5th Cir. 2008) (citing *Micele v. CPC of La., Inc.*, 709 So. 2d 1065, 1068 (La. App. 4th 1998)); *see also Rosales v. Bunzyy's Enter. Realty LLC*, No. 06-11149, 2008 WL 754856, at *2 (E.D. La. Mar. 19, 2008) (identifying certain situations that Louisiana courts have determined "almost universally do not form the basis of an intentional tort: failure to provide a safe place to work, poorly designed machinery, failure to follow OSHA safety provisions, failure to provide requested safety equipment, and failure to correct unsafe working conditions.").

The Louisiana Supreme Court has noted that "[b]elieving that someone may, or even probably will, eventually get hurt if a workplace practice is continued does

not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation."[4]  *Reeves*, 731 So. 2d at 212.  Instead, the phrase "'[s]ubstantially certain to follow' requires more than a reasonable probability that an injury will occur and 'certain' has been defined to mean 'inevitable' or 'incapable of failing.'" *Id.* at 213 (citing *Jasmin v. HNV Cent. Riverfront Corp.*, 642 So. 2d 311, 312 (La. App. 4th Cir. 1994)). *See also Guillory v. Domtar Industries, Inc.*, 95 F.3d 1320, 1327 (5th Cir. 1996) ("[T]he substantially certain test is satisfied when an employer *consciously* subjects an employee to a hazardous or defective work environment where injury to the employee is *nearly inevitable*—that is, injury is 'almost certain' or 'virtually sure' to occur or is incapable of being avoided.") (emphasis added) (citing *Kent v. Jomac Products, Inc.*, 542 So. 2d 99, 100 (La. App. 1st Cir. 1989);  *Bourque v. Nan Ya Plastics Corp., America*, 906 F. Supp. 348, 353 (M.D. La. 1995) ("An injury is not "substantially certain" to occur merely because a high probability of injury exists; injury is only intentionally caused where the injury is virtually sure to occur, or nearly inevitable."), *aff'd*, 157 F.3d 903 (5th Cir. 1998)).

After reviewing the First Amended Complaint's allegations in the context of Louisiana case law regarding workers' compensation immunity and intentional acts

---

[4] Despite the outcome of this tort case, the Waye Plaintiffs still will be able to pursue the remedies available to them under the LWCA since the underlying death arose out of a work-related accident.

by co-employees, this Court concludes that the general factual allegations in this case fall well within the common understanding of a reckless traffic accident. And Salter's alleged conduct certainly does not rise to the level for which intentional conduct employment claims have been recognized and allowed to proceed in Louisiana courts. *See, e.g., Cole v. State Dep't of Pub. Safety & Corr.*, 825 So. 2d 1134, 1142 (La. 2002) (during training exercise, correctional officers' striking of plaintiff, a fellow correctional officer, with unpadded batons where the standard was to use padded batons was an intentional act, even though it may not have involved malice or intent to inflict the actual damages plaintiff suffered); *Humble v. Pafford EMS*, 116 So. 3d 878, 884 (La. App. 2nd Cir. 2013) (supervisor's statement "I will pay to have you bailed and/or bonded out of jail if you [attack] her," indicated that the supervisor consciously desired co-employee to physically attack and harm plaintiff and urged her to do so with impunity. Supervisor's promise to co-employee showed that he had a conscious desire to have plaintiff harmed, "the type of incitement and instigation which is exact type of behavior that is beyond the scope of the Workers' Compensation Act, LSA–R.S. 23:1032(B)"). This is especially true since the intentional act exclusion must be narrowly construed. *See Reeves*, 731 So. 2d at 211; *Hernandez v. Dedicated TCS LLC*, No. 16-3621, 2017 WL 2876640, at *3 (E.D. La. July 5, 2017) ("The standard for prevailing on a claim of intentional tort under Louisiana law is extremely high."); *Domingue ex rel. v. Allied Discount*

*Tire and Brake, Inc*., 849 So. 2d 690 (La. App. 1st Cir. 2003) (recognizing that battery resulting from a fight between co-employees is an intentional tort).

Therefore, since the Waye Plaintiffs' remaining claim against Flat Creek is premised upon alleged conduct that fails to state a claim for intentional conduct under Louisiana law, the First Amended Complaint against Flat Creek is due to be dismissed in its entirety.

## IV.  CONCLUSION

Based on the foregoing, it be and is hereby

ORDERED:

(1)  Flat Creek's motion to dismiss, (Doc. 25), is GRANTED.

(2)  Flat Creek is hereby dismissed as a defendant in this matter.

DONE, this 13th day of November, 2020.

                                        /s/R. Austin Huffaker, Jr.
                                        R. AUSTIN HUFFAKER, JR.
                                        UNITED STATES DISTRICT JUDGE